UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSIE LEE BIZZELL,

Plaintiff,

-against-

MELANIE L. CYGANSKI; JONATHAN LEVINE; LORENZO MARINVZZI,

Defendants.

26-CV-1755 (LLS)

ORDER UNDER
28 U.S.C. § 1915(g)

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is a prisoner at Charlotte Corrections Institution in Punta Gorda, Florida, filed this action *pro se*. On March 30, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). Then, on May 5, 2026, the Court directed Plaintiff to show why, under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), the Court should: (1) not vacate the order granting his IFP application; (2) not dismiss the action; and (3) not bar Plaintiff from filing future actions IFP while he is a prisoner.

On June 8, 2026 and June 11, 2026, the Court received Plaintiff's submissions responding to that order. (ECF Nos. 8–10.) His submissions do not show cause. First, Plaintiff fails to show that he has not accumulated at least three "strikes" under the PLRA. Therefore, to proceed IFP notwithstanding the accumulation of these strikes, Plaintiff needed to show that he is under imminent danger of serious physical injury. His submissions do not make that showing. Accordingly, the PLRA bars Plaintiff from proceeding IFP in this action, requiring revocation of his IFP status and subjecting this action to dismissal.

**CONCLUSION**

The Court directs the Clerk of Court to vacate the May 5, 2026 order granting Plaintiff IFP's application.

The Court dismisses this action without prejudice and bars Plaintiff from filing future actions IFP while he is incarcerated. *See* 28 U.S.C. § 1915(g).

The Court warns Plaintiff that submitting frivolous documents may result in sanctions under 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: June 18, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.